**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**MARYANN BULLARD,**

          **Plaintiff,**

**v.**                                        **Civil Action No. 2:06cv528**

**PANASONIC CORPORATION,
OF NORTH AMERICA,**

          **Defendant.**

## <u>ORDER AND OPINION</u>

Pending before the court is the defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment. The plaintiff has not submitted a response, and the time in which to respond has now passed. After examination of the brief and record, this court determines oral argument is unnecessary because the facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Additionally, by letter of November 6, 2006, the defendant specifically noted that it did not request oral argument. The court, for the reasons set out fully herein, **GRANTS** the defendant's motion for summary judgment.

I.  Procedural History

On August 23, 2006, the <u>pro se</u> plaintiff, MaryAnn Bullard, filed the instant complaint in the Circuit Court for the City of Chesapeake, Virginia, alleging breach of employment contract and wrongful termination by the defendant, Panasonic Corporation of North America. The defendant removed the case to this court on September 20, 2006, on the basis of diversity

1

jurisdiction, as the plaintiff is a citizen of Virginia and the defendant is a corporation with

citizenship in Delaware and New Jersey.  The defendant then filed the instant motion on

September 22, 2006, with the proper Roseboro notice, to which the plaintiff has not responded.

The defendant requests dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), averring

that the plaintiff has failed to state a claim for which relief can be granted.  Alternatively, the

defendant requests that this court enter summary judgment in its favor, pursuant to Federal Rule

of Civil Procedure 56, on the grounds that there exist no genuine issues of material fact and the

defendant is entitled to judgment as a matter of law.

## II.  Factual Background

The facts presented by the defendant in its motion remain undisputed.  Therefore, they

must be taken as the facts for the record.  See Loc. R. 56(b).  The plaintiff was formerly

employed by the defendant as a customer service representative in its Chesapeake, Virginia,

Customer Call Center.[1]  On August 23, 2004, the plaintiff was fired from her position after

hanging up on a customer, in violation of the defendant's policy.  On May 3, 2005, the plaintiff

filed a pro se action against the defendant in this court, alleging violations of Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.  Following a bench trial, this court dismissed

all of the plaintiff's Title VII claims by order of February 2, 2006.  See Bullard v. Panasonic

Corp. of N. Am., 418 F.Supp.2d 802, 815 (E.D. Va. 2006).  The Fourth Circuit affirmed this

dismissal on August 8, 2006.

At the bench trial, a tape recording of the August 23, 2004 customer call for which the

---

[1]The defendant was, prior to January 1, 2005, known as Matsushita Electric Corporation
of America.

2

plaintiff was fired was played and entered into evidence by the court.  The court determined that, during the call, the "[p]laintiff interrupted the customer several times, talked over the customer, and ended the call by hanging up on the customer."  Bullard v. Panasonic Corp. of N. Am., 418 F.Supp.2d 802, 807 (E.D. Va. 2006).  This behavior, and especially the act of hanging up on the customer, was in direct contravention to the defendant's "Customer First Policy," as enumerated in three documents that were signed by the plaintiff.  Each of these documents specifically provides that "[r]epresentatives should not at any time during a call drop or disconnect the customer. . . . [A]ny employee violating these practices will be subject to corrective action, up to and including termination of . . . employment."  (Plaintiff's Exhibits 2-4).

The plaintiff avers that she signed three contracts, which allegedly implied that the defendant had a system of progressively harsher discipline and that an employee would only be terminated after repeated violations and harsher sanctions.  The dates that the plaintiff provides in her complaint as those on which she signed contracts are September 9, 1999, October 21, 1999, and August 21, 2002.  These dates correspond to the dates of the Customer First notices signed by the plaintiff and attached to her complaint as Exhibits 2-4.  Thus, the plaintiff appears to argue that these notices constitute binding employment contracts, which were breached by the defendant when it fired the plaintiff for failing to abide by the Customer First Policy.

III.  Standard of Review

A.    Motion to Dismiss

The defendant relies upon Rule 12(b)(6) of the Federal Rules of Civil Procedure in support of its motion to dismiss.  However, because the defendant asks the court to look outside

of the pleadings in order to evaluate its arguments,[2] the court is required to determine whether the motion to dismiss should be treated as a motion for summary judgment under Rule 12(b)(6). When "matters outside the pleadings are presented to and not excluded by the court, a motion to dismiss for failure . . . to state a claim . . . shall be treated as one for summary judgment and disposed of as provided in Rule 56." FED. R. CIV. P. 12(b).  Accordingly, the court will treat the defendant's motion to dismiss as a motion for summary judgment.

Rule 12(b) requires that all parties be given "reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  This requirement of "reasonable opportunity" means that all parties must be given "some indication by the court . . . that it is treating the [Rule] 12(b)(6) motion as a motion for summary judgment, with the consequent right in the opposing party to file counter affidavits and pursue reasonable discovery." Gay v. Wall, 761 F.2d 175, 177 (4th Cir. 1985).  When a party is aware that material outside the pleadings is before the court, the party has notice that a Rule 12(b)(6) motion may be treated as a motion for summary judgment.  Id.  Here, where the plaintiff is aware that a motion for summary judgment has been made in addition to the motion to dismiss, the requirement of "reasonable opportunity" is satisfied.

B.    Motion for Summary Judgment

Summary judgment under Federal Rule of Civil Procedure 56 is only appropriate when the court, viewing the record as a whole and in the light most favorable to the non-moving party, determines that there exist no genuine issues of material fact and that the moving party is entitled

---

[2]Specifically, the defendant has provided the court with a declaration of Marilyn Hamilton-Wold, the Human Resources Manager at its Chesapeake call center, as well as exhibits including copies of its employee handbook and its Customer First policy notices.

to judgment as a matter of law.  See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986);

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-50 (1986); Terry's Floor Fashions, Inc. v.

Burlington Indus., Inc., 763 F.2d 604, 610 (4th Cir. 1985).

   Once a party has properly filed evidence supporting the motion for summary judgment,

the non-moving party may not rest upon mere allegations in the pleadings, but must instead set

forth specific facts illustrating genuine issues for trial.  Celotex Corp., 477 U.S. at 322-24.  Such

facts must be presented in the form of exhibits and sworn affidavits.  Failure by the plaintiff to

rebut defendant's motion with such evidence will result in summary judgment.  "[T]he plain

language of Rule 56 mandates the entry of summary judgment . . . against a party who fails to

make a showing sufficient to establish the existence of an element essential to that party's case,

and on which that party will bear the burden of proof at trial."  Id. at 322.  Although the moving

party bears the initial burden of stating the basis for its motion, that burden can be discharged if

the moving party can show "an absence of evidence to support the non-moving party's case."  Id.

at 323, 325.  After the moving party has discharged the burden, the non-moving party must then

designate specific facts showing that there is a genuine issue of material fact.  Id. at 324.

   To enter summary judgment, a court does not need to determine that there are no factual

issues in dispute.  To find against the moving party, however, the court must find both that the

facts in dispute are material and that the disputed issues are genuine.  A factual dispute is deemed

to be material if it is dispositive of the claim.  See Thompson Everett, Inc. v. National Cable

Advertising, L.P., 57 F.3d 1317, 1323 (4th Cir. 1995).  Similarly, a factual dispute is considered

genuine if it is based on more than speculation or inference.  Celotex Corp., 477 U.S. at 327;

Runnebaum v. NationsBank of Md., N.A., 123 F.3d 156, 164 (4th Cir. 1997) (en banc),

overruled on other grounds by Bragdon v. Abbott, 524 U.S. 624 (1998).

While it is the movant's burden to show the absence of a genuine issue of material fact, Pulliam Investment Co., Inc. v. Cameo Properties, 810 F.2d 1282, 1286 (4th Cir. 1987), it is the non-movant's burden to establish the existence of such an issue.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-587 (1986).  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  Anderson, 477 U.S. at 252.  To survive summary judgment, the non-moving party must present evidence that is "significantly probative." Celotex Corp., 477 U.S. at 327.

By failing to respond in any form to the defendant's motion for summary judgment, the plaintiff has brought herself within the purview of Federal Rule of Civil Procedure 56(e), which states "the adverse party's response . . . must set for specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."  The facts as presented in defendant's motion for summary judgment remain uncontradicted, and therefore must be taken as the factual basis for this court's decision.  See Loc. R. 56(b).

IV.  Analysis

A.  Various Claims Realleged

Although the plaintiff's claims are not specifically enumerated in her complaint, it appears to the court that she is realleging various claims that had previously been decided against her in her previous action against the defendant in this court.  These include claims for sexual harassment, disparate treatment, and retaliation.  By order of February 2, 2006, the defendant was

granted judgment on partial findings as to the plaintiff's claims of sexual discrimination and disparate treatment.  As to her claims of sexual harassment and retaliatory discharge, the defendant was granted judgment, as the court found that the plaintiff could establish a violation of neither Title VII nor the Virginia Human Rights Act.  See Bullard v. Panasonic Corp. of N. Am., 418 F.Supp.2d 802, 815 (E.D. Va. 2006).  Therefore, to the extent the plaintiff is attempting to allege anew these claims, she is barred by the doctrine of res judicata.  See In re Varat Enterprises, Inc., 81 F.3d 1310, 1314-15 (4th Cir. 1996).

B.  Breach of Employment Contract

The plaintiff's complaint does clearly allege a claim of breach of employment contract, and the plaintiff asserts that she signed three separate contracts that provided a scheme of escalating sanctions that the defendant was required to follow before it could terminate her.  To her complaint the plaintiff attached several documents, and it appears that she claims that three of her exhibits are the alleged employment contracts. (See Complaint, Exhibits 2-4).  The defendant has argued that, to the contrary, the three exhibits identified by the plaintiff as employment contracts merely constitute express notice to the plaintiff of the defendant's Customer First policy and the potential sanctions for violating that policy.

Like most states, Virginia adheres to the doctrine of employment at will.  See, e.g., Miller v. SEVAMP, 234 Va. 462, 465 (1987) ("In Virginia, where no specific time is fixed for the duration of the employment, there is a rebuttable presumption that the hiring is terminable at will.").  This presumption is premised on the fact that either the employer or the employee is free to leave the employment relationship at any point without incurring liability to the other for breach of contract, because there is no contract.  Where an employee can provide evidence

7

sufficient to demonstrate that the employment in question was only terminable for just cause, the

presumption may be overcome.  In this case, however, the documents produced by the plaintiff

only corroborate the defendant's claim that the employment relationship between the two was at-

will.  Each of the three exhibits that the plaintiff claims secure her employment specifically states

that "any employee violating [the Customer First policy] will be subject to corrective action, <u>up

to and including termination of . . . employment</u>."  (Complaint, Exhibits 2-4) (emphasis added).

Contrary to the plaintiff's claims, then, these documents do not constitute binding

contracts of employment.  Rather, the plaintiff's employment with the defendant was governed

by an employee handbook, which provides, in relevant part:

> Your employment relationship with the Company is an "at-will relationship."  This means
> that you have a right to terminate your employment at any time, for any reason with or
> without cause and without prior notice; and <u>the Company retains the same absolute right
> to terminate your employment at any time, for any reason with or without cause and
> without prior notice</u>.

(Employee Handbook, Defendant's Motion for Summary Judgment, Exhibit 3 (emphasis in

original)).  That the three notices signed by the plaintiff may have indicated that certain

disciplinary procedures short of termination could also be employed does not overcome the at-

will nature of the plaintiff's employment by the defendant.  "The mere availability of suggested

disciplinary procedure, when no limit is placed on an employer's discretion in their application,

does not imply that an employer may discharge an employee only for just cause."  <u>Sullivan v.

Snap-On Tools Corp.</u>, 708 F.Supp. 750, 753 (E.D. Va. 1989).  The evidence before the court,

then, points entirely in one direction: that the plaintiff was simply an at-will employee of the

defendant.  Therefore, summary judgment in favor of the defendant on this claim is appropriate,

because there is no genuine issue of material fact, and the defendant is entitled to judgment as a

matter of law.

C.  Wrongful Termination

The plaintiff also claims that she was wrongfully terminated.  Although related to her claim for breach of contract, this claim is treated separately because, if the plaintiff could prove that her termination falls into one of several recognized public policy exceptions to the employment at-will doctrine, she would be entitled to relief.  See Rowan v. Tractor Supply Co., 263 Va. 209, 213-15 (2002) (noting that Virginia has recognized three such exceptions: where an employer violated a policy enabling the exercise of an employee's statutorily created right; where an employer violated a public policy explicitly expressed in a statute and the employee is a member of the class of persons entitled to the protection enunciated by the public policy; and where an employer discharged an employee based on the employee's refusal to engage in a criminal act).  The plaintiff must demonstrate that the public policy of Virginia, as expressed in a specific statute, has been violated as a result of her termination.  The plaintiff has not done so and cannot do so, and therefore her claim for wrongful discharge cannot survive summary judgment.  To the extent that the plaintiff may be relying upon the Virginia Human Rights Act, VA. CODE ANN. § 2.1-714, the Virginia Supreme Court has precluded such reliance.  Doss v. Jamco, 254 Va. 362, 372 (1997) (holding that the Virginia Human Rights Act abrogates the common law with respect to causes of action for wrongful termination based on the public policies in the Act).

V.  Conclusion

The court concludes that the defendant has carried its burden of establishing that, even viewing the record in the light most favorable to the plaintiff, no genuine issues of material fact exist in this case.  Celotex Corp., 477 U.S. 322-24.  The plaintiff has failed to set forth any

evidence establishing the existence of a triable issue, despite having notice of the nature of the defendant's motion and the opportunity to fully respond.  Bradford v. School Dist. No. 20, 364 F.2d 185, 187 (4th Cir. 1966).  Furthermore, the court finds that the defendant has demonstrated the "absence of evidence to support the non-moving party's case."  Celotex Corp., 477 U.S. at 324.  In the face of evidence submitted by the defendant to this effect, the plaintiff cannot rely merely on the allegations made in her pleadings and still survive summary judgment.  See FED. R. CIV. P. 56(e).

For the foregoing reasons, the court **GRANTS** the defendant's motion for summary judgment with respect all of the plaintiff's claims.

The court **ADVISES** the pro se plaintiff that she may appeal from this Order within thirty (30) days of the date of this Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510.

The Clerk is **REQUESTED** to send a copy of this Order to the pro se plaintiff and to counsel of record for the defendant.

It is so **ORDERED**.

/s/
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

December 28, 2006
Norfolk, Virginia

10